CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 11 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| GREGORY LEON HAMMER, | ) | Civil Action No. 5:17-cv-00121 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MARY CLARE SMITH, | ) | By: Hon. Michael F. Urbanski |
| Defendant. | ) | Chief United States District Judge |

Gregory Hammer commenced this civil action pursuant to 42 U.S.C. §§ 1983 and 12132, et seq., and is proceeding as a pauper pursuant to 28 U.S.C. § 1915. Hammer names Dr. Mary Clarke Smith, Facility Director of Western State Hospital, as the sole defendant. Smith filed a motion to dismiss, and Hammer responded, making this matter ripe for disposition.[1] After reviewing Hammer's submissions, the court grants the motion to dismiss and grants Hammer the opportunity to amend.[2]

I.

Hammer presents three claims related to the conditions he experienced at Western State Hospital.[3] First, Hammer claims that Smith violated his First Amendment right to the free exercise of religion by denying him "the right to enter into holy matrimony." Next, Hammer alleges that Smith violated his First Amendment to have meaningful access to courts by not providing law books or internet access. Lastly, Hammer alleges that Smith discriminated against him in violation of the Americans with Disabilities Act ("ADA") by

---

[1] The court declines to convert the motion to dismiss to a motion for summary judgment. See, e.g., Fed. R. Civ. P. 12(d).
[2] Hammer filed a motion to amend after Smith filed the motion to dismiss. ECF No. 16. Because the amendment corrects typos only, it does not cure the identified deficiencies in the amended complaint. Accordingly, the motion to amend is denied as futile. See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962).
[3] Western State Hospital is a medical unit of the Virginia Department of Behavioral Health and Developmental Services ("DBHDS"). Hammer moved to Western State Hospital in September 2017 after a state court deemed him not guilty by reason of insanity and ordered him civilly committed with the DBHDS.

denying him internet access.

## II.
### A.

Smith argues that the amended complaint fails to state a plausible claim for relief. To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter which, if accepted as true, "state[s] a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). The same is not true for legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Wag More Dogs, LLC v. Cozart, 680 F.3d 359, 365 (4th Cir. 2012). A plaintiff proceeding pro se is held to "less stringent standards" than counseled plaintiffs, and the court must construe her claims liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court need not ignore a clear failure to allege facts that set forth a cognizable claim, however. See Weller v. Dep't of Soc. Services for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990). In light of Hammer's status as a pro se plaintiff, the court will "consider both the complaint and the factual allegations in [Hammer's] response to the motion to dismiss in determining whether his claims can survive dismissal." Shomo v. Apple, Inc., No. 7:14cv40, 2015 WL 777620, at *2 (W.D. Va. Feb. 24, 2015); see also Christmas v. The Arc of the Piedmont, Inc., No. 3:12cv00008, 2012 WL 2905584, at *2 (W.D. Va. July 16, 2012).

2

**B.**

The holy matrimony claim is deficient. Hammer argues that his First Amendment right to a religious marriage is inviolable despite his status as a civilly committed patient. Civil detainees are entitled to more considerate treatment and conditions of confinement than prisoners. Youngberg v. Romeo, 457 U.S. 307, 322 (1982). Accordingly, civil detainees "enjoy[] constitutionally protected interests in conditions of reasonable care and safety, reasonably nonrestrictive confinement conditions, and such training as may be required by these interests." Id. at 323.

Nonetheless, when the court determines if the state has satisfied these obligations, "decisions made by the appropriate professional are entitled to a presumption of correctness." Id.; see also Patten v. Nichols, 274 F.3d 829, 838 (4th Cir. 2001) (holding denial-of-medical-care "claim must be measured against the professional judgment standard articulated by . . . Youngberg"). Additionally, maintaining facility security and effectively managing the institution are legitimate, non-punitive government interests, Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004).

In the more restrictive prisoner context, the Supreme Court noted that "[t]he right to marry, like many other rights, is subject to substantial restrictions as a result of incarceration." Turner v. Safley, 482 U.S. 78, 95 (1987). But the Supreme Court refused to countenance an outright ban on marriage "unless the superintendent has approved the marriage after finding that there are compelling reasons for doing so." Id. at 96. While the Supreme Court agreed that prison officials could "regulate the time and circumstances under which the marriage ceremony itself takes place," the Supreme Court reasoned that the

3

almost-outright ban on prisoner marriages was "not reasonably related to . . . penological interests" and, therefore, unconstitutional. Id. at 96, 99.

Hammer merely claims that his constitutional right to marry has been violated. Hammer does not describe Western State Hospital's policy on matrimony. The court cannot gauge the scope of the policy or the validity of the policy from his pleadings. See, e.g., Overton v. Bazzetta, 539 U.S. 126, 131 (2003) (discussing a plaintiff's burden to disprove validity of a regulation impinging on a constitutional right); Marsh v. Liberty Behavioral Health Care, Inc., No. 2:06-cv-125, 2008 WL 821623 at *5 (M.D. Fla. Mar. 27, 2008) (noting federal courts have applied the reasonableness test to analyze constitutional claims raised by involuntarily and civilly committed people). Accordingly, the holy matrimony claim is dismissed. Hammer may replead his holy matrimony claim to satisfy pleading requirements.

## C.

Hammer's access-to-courts claim is also deficient. The right of reasonable access to courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." Christopher v. Harbury, 536 U.S. 403, 415 (2002). As a result, Hammer's access-to-courts claim must describe his underlying cause of action, as well as the steps Smith has taken, or refused to take, to frustrate his ability to access to legal materials. Id. He has not identified a nonfrivolous legal claim that Smith's act or omission prevented him from litigating. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Hammer has not done so. Hammer cannot rely on a vague and conclusory allegation of inconvenience or delay. "The fact that [a plaintiff] may not be able to litigate in exactly the manner he desires is not sufficient to demonstrate the actual injury element of an access to courts claim."

4

Godfrey v. Wash. Cnty., Va., Sheriff, No. 7:06-cv-00187, 2007 WL 2405728, at *13 (W.D. Va. Aug. 17, 2007). Accordingly, the access to courts claim is dismissed. Hammer may replead his access-to-courts claim to satisfy pleading requirements.

**D.**

Likewise, the ADA claim is deficient. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA does not provide a cause of action against Smith as an individual. See, e.g., Baird v. Rose, 192 F.3d 462, 471–72 (4th Cir. Va. 1999); see also Matthews v. Pa. Dep't of Corr., 613 F. App'x 163, 169–70 (3d Cir. 2015) (recognizing a person is not an "entity" subject to suit under the ADA). Accordingly, the ADA claim is dismissed with prejudice.

**III.**

For the foregoing reasons, the court will deny Hammer's motion to amend, grant Smith's motion to dismiss, dismiss the holy matrimony and access-to-the-courts claim without prejudice and the ADA claim with prejudice. To the extent Hammer may state an actionable holy matrimony and access-to-the-courts claim, the court will grant Hammer twenty-one days to file a second amended complaint that states a claim upon which relief may be granted. All motions will be referred to United States Magistrate Judge Joel C. Hoppe pursuant to 28 U.S.C. § 636(b)(1). He will be designated to conduct mediations and hearings, including evidentiary hearings, as he finds necessary, and he shall file proposed findings and recommendations when required by § 636(b)(1)(B).

ENTER: This 10th day of May, 2018.

/s/ Michael F. Urbanski
Chief United States District Judge